RAFAEL PIRAZZI, Plaintiff and Appellee, v. MARCOS VECCHINI, Defendant; JOSEFINA PERÉ WESTEIN, etc., Defendant and Appellant.

No. 7055. Argued June 17, 1935.—Decided June 21, 1935.

*Alberto S. Poventud* for appellant. *Edelmiro Martínez Rivera* for appellee. *C. Olivieri* for defendant Marcos Vecchini.

Mr. Justice Córdova Dávila delivered the opinion of the court.

This is a proceeding to enforce a claim for temporary support. In the court below the procedure provided for actions of unlawful detainer was followed. The first and second hearings were had on the 25th and the 26th of March 1935. Judgment was entered on April 9, 1935, granting to plaintiff a certain sum for support. An appeal was taken on May 3, 1935, and the plaintiff-appellee now asks us to dismiss the appeal on the ground that the same ought to have been taken within five days from the notification of the judgment, in accordance with section 11 of the "Act establishing unlawful detainer proceedings and fixing rules for taking appeals in this class of actions," now section 630 of the Code of Civil Procedure (1933 ed.).

The appellant contends that since this is a claim for maintenance to which the statutory provisions for actions of unlawful detainer are applicable only in the court of primary jurisdiction (*primera instancia*), the judgment rendered in this case may be appealed from within 30 days in accordance with section 295 of the Code of Civil Procedure.

The law prescribes that the procedure provided for unlawful detainer proceedings shall be followed in all cases of claims for temporary support. An appeal may be taken from such judgment as may be entered, but the appeal shall not impede the execution of said judgment.

Any claim for temporary maintenance requires immediate action. It is on account of the urgency of the case that the law provides a rapid and summary proceeding for a claim so peremptory in nature, which must be decided speedily, since the imperious necessity of preserving life so demands. The

law protects and guarantees the rights of both parties; but the summary proceeding is provided rather for the benefit of the person seeking maintenance, who is the one in fact having real urgency for a speedy decision of the case. The law provides the same procedure for temporary maintenance as for unlawful detainer; but when an appeal is taken, a sharp distinction is made, since in cases of unlawful detainer the judgment is superseded, and in cases of temporary maintenance the judgment of the court below is subject to execution even though an appeal may have been taken. This is explainable on the ground that the law speeds up the taking of an appeal in an unlawful detainer proceeding for the reason that, since execution may not be had upon the judgment pending appeal, there is necessity for shortening the periods in order to make the procedure more rapid. This is not so in the proceeding for temporary maintenance, since the person obtaining such maintenance is not subject to the pressure of urgent necessity, as the judgment may be executed during the pendency of the appeal. If the judgment is adverse to the claimant, he may appeal immediately, and it is to be presumed that he will do so, since he is the party alleging such necessity and the only one particularly interested in obtaining a prompt decision. Once maintenance has been granted, the petitioner no longer has a peremptory need for support; the emergency which the Legislature had in mind in providing for a summary procedure. With respect to the party adjudged to pay maintenance, who is the only one who may be prejudiced by the delay, the field is open for him to appeal from the first until the last of the 30 days granted for the taking of appeals.

The law provides a speedy remedy, and in order to make it more effective, for the reasons above set forth, it has prescribed that the appeal shall not hinder the execution of a judgment in favor of a claimant for support.

It was for these and other reasons that we said in *Hornes* v. *Giusti* (*ante,* p. 249), that the rules for unlawful detainer

govern only in the first instance (*primera instancia*). From the opinion delivered in that case we copy the following excerpt:

"If we fix our attention on the provisions of section 84 of the Special Legal Proceedings Act, we find that it covers two points. In the first place, it provides that all claims for maintenance shall be governed by the procedure provided for actions of unlawful detainer. In the second place, it authorizes an appeal but provides that such appeal shall not be an obstacle to the execution of the judgment. It is in the court of primary jurisdiction (*primera instancia*) that the rules of unlawful detainer govern. An appeal is expressly authorized, subject to a special condition, that it shall not be an obstacle to the execution of the judgment appealed from. When the Legislature fixed the rules contained in section 12 of the Unlawful Detainer Act, its attention was focused on cases of unlawful detainer. When it took up cases of maintenance, it thought that the speedy procedure for actions of unlawful detainer could be made applicable to them and it so provided, but it ordained something special with respect to appeals. If its intention had been that the provisions of the Unlawful Detainer Act respecting appeals (*segunda instancia*) should be similarly applicable to such cases, it would have said nothing with regard to appeals.

"The provisions of section 84 of the act (section 618 of the Code), viewed as a whole, show that the Legislature took well into account how urgent are questions relating to maintenance. It guaranteed a speedy procedure for hearing them in the court of primary jurisdiction, and, while permitting an appeal from the determination of such questions, it expressly provided that the appeal should not be an obstacle to the execution of the judgment. The latter can and ought to be enforced notwithstanding the appeal. The award granted ought to be paid immediately, and the court has the power to punish for contempt the party bound thereby, if he refuses voluntarily and obstinately to do so. *Villa* v. *District Court*, 45 P.R.R. 852."

We are of the opinion that the time for taking an appeal from the judgment in this case must be governed by section 295 of the Code of Civil Procedure and not by section 11 of the Unlawful Detainer Act.

The motion to dismiss must be denied.